Filed 9/8/22  In re Sebastian V. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re SEBASTIAN V., a Person Coming Under the Juvenile Court Law. | B313992 (Los Angeles County Super. Ct. No. 18CCJP00085F) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. LUIS V., Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Martha A. Matthews, Judge.  Affirmed.

Mansi Thakkar, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, and Kim Nemoy, Assistant County Counsel, for Plaintiff and Respondent.

* * * * * *

Luis V. (father) appeals from the juvenile court's jurisdictional and dispositional orders in dependency proceedings for his five-year-old son.  He argues that the orders are defective because the juvenile court did not comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1900 et seq.) (Welf. & Inst. Code, § 224.2, subd. (b)).  The court did not prejudicially err, and we affirm the orders.

**FACTS AND PROCEDURAL BACKGROUND**

## I.     Facts[1]

Father and Merehilda C. (mother) have one child together—Sebastian V. (born January 2017).  Mother also has two older children—Irvine G. (born July 2008) and Maritza G. (born October 2005)—by another father.  Father and mother have a history of domestic violence and drug abuse; father physically abused Irvine; and mother suffers from psychiatric disorders.

## II.    Procedural Background and ICWA-related Facts

In March 2021, the Los Angeles Department of Children and Family Services (the Department) filed a petition requesting the juvenile court exert dependency jurisdiction over Sebastian,

---

[1]     Because father's only contention on appeal concerns ICWA, we limit our factual background accordingly.

Irvine, and Maritza. The Department alleged that (1) mother had been involuntarily hospitalized for displaying serious mental health issues, and (2) father had failed to protect the children from mother's known mental condition; the parents' conduct, the Department alleged, placed the three children at "substantial risk" of "serious physical harm," thereby justifying the exercise of jurisdiction under Welfare and Institutions Code section 300, subdivision (b).[2]

Prior to the detention hearing, father and mother each told the Department that they had no known Indian ancestry in their respective families, and father filled out the written ICWA-020 form attesting that he had no Indian ancestry as far as he knew. At the March 25, 2021 detention hearing, the juvenile court indicated there was no reason to believe the children were Indian children but ordered the Department to interview mother and maternal relatives about Native American ancestry.

The Department submitted a report for the jurisdictional hearing which indicated the following: (1) in the current matter, father and mother denied having American Indian ancestry and also filed ICWA-020 forms indicating such; (2) in a prior 2018 dependency matter, father, mother, and the father[3] of Irvine and Maritza denied having any American Indian ancestry; and (3) the Department questioned *maternal aunt Gabriela C., maternal*

---

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[3] The older children's father's exact whereabouts were unknown, but it was believed he resided in Mexico. The juvenile court found the Department had conducted the requisite due diligence necessary to locate him.

*aunt Silvia C.*, a paternal aunt, and the paternal grandmother, all of whom stated that mother and father have no American Indian ancestry. Based on this inquiry, on May 5, 2021, the juvenile court expressly found that ICWA did not apply to Sebastian.

On July 8, 2021, the juvenile court sustained the allegations against mother and father,[4] declared the children dependents of the court, removed them from parental custody, and ordered the Department to provide reunification services to father and mother.

Father timely appealed from the jurisdictional and dispositional orders.[5]

## DISCUSSION

Father argues that the orders adjudicating Sebastian a dependent and removing him from parental custody must be reversed because the juvenile court and the Department failed to discharge their initial inquiry duties under ICWA and related California law to ask "all relevant involved individuals" whether Sebastian may be an Indian child. (§ 224.2, subds. (b) & (c).) In particular, father asserts that the Department did not fulfill its initial duty of inquiry because it did not ask two maternal aunts about mother's possible Indian ancestry while interviewing them. The Department responds that father's argument is based on a

---

[4] By that time, the petition had been amended to add the allegation that a March 16, 2021 drug test indicated that father tested positive for methamphetamine and alcohol. That additional allegation was also sustained.

[5] Only Sebastian is the subject of this appeal brought by father.

misreading of the record, which shows that the Department *did* ask both maternal aunts about mother's possible Indian heritage.

When the facts are undisputed, we review independently whether the requirements of ICWA have been satisfied. (*In re J.L.* (2017) 10 Cal.App.5th 913, 918.) However, where the facts are disputed, we review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order. (*In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1467; *In re H.B.* (2008) 161 Cal.App.4th 115, 119-120.) We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts in favor of affirmance. (*In re Alexzander C.* (2017) 18 Cal.App.5th 438, 446, disapproved on other grounds as stated in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010 & fn. 7.)

## I.      Governing Law

ICWA was enacted to curtail "the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement." (*Mississippi Band of Choctaw Indians v. Holyfield* (1989) 490 U.S. 30, 32.) To that end, under the ICWA and the corresponding statutes the California legislature enacted to implement it (§§ 224-224.6), a juvenile court and the Department have duties aimed at assessing whether a child in a dependency action is an "Indian child." (§§ 224.2, 224.3, added by Stats. 2018, ch. 833, §§ 5, 7.) An "Indian child" is a child who (1) is "a member of an Indian tribe," or (2) "is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); Welf. & Inst. Code, § 224.1, subd. (a) [adopting federal law definition].) By its terms, this definition turns "'on the child's

5

political affiliation with a federally recognized Indian Tribe,'" not "necessarily" "the child's race, ancestry, or 'blood quantum.'" (*In re Austin J.* (2020) 47 Cal.App.5th 870, 882 (*Austin J.*), quoting 81 Fed.Reg. 38801-38802 (June 14, 2016).)

Under ICWA as amended, the Department and juvenile court have "three distinct duties." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052 (*D.S.*) [noting amendment's creation of three duties]; *Austin J.*, *supra*, 47 Cal.App.5th at pp. 883-884 [same].) Only the first duty is at issue here: The initial "duty" of the Department and the juvenile court is "to inquire whether [a] child is an Indian child." (§ 224.2, subds. (a) & (b).) The Department discharges this duty by "asking" family members "whether the child is, or may be, an Indian child." (*Id.*, subd. (b).) This includes inquiring of not only the child's parents, but also others, including but not limited to, "extended family members." (*Ibid.*) For its part, the juvenile court is required, "[a]t the first appearance" in a dependency case, to "ask each participant" "present" "whether the participant knows or has reason to know that the child is an Indian child." (*Id.*, subd. (c).)

## II. Analysis

The sole factual premise of father's ICWA argument—namely, that "the Department failed to ask both the maternal aunts [Gabriela and Silvia] any questions whatsoever related to ICWA"—is false. That is because the Department's jurisdiction/disposition report recounts that (1) on April 22, 2021, the Department "asked maternal aunt, Gabriela [C.], if mother had any American Indian Ancestry" and Gabriela C. stated "No[,] she does not," and (2) on April 27, 2021, the Department "asked maternal aunt, Silvia [C.], if mother had any American Indian

6

Ancestry," and Silvia C. stated "No." Father provides no basis for questioning the accuracy of this report.

What is more, father provides no other basis for impeaching the juvenile court's ICWA finding. To the extent father suggests that the Department could have questioned additional individuals about Sebastian's possible Indian heritage, father does not identify who those people are or explain why they would have information that mother and father did not have about Sebastian's Indian heritage. Father asserts that mother's denial of heritage in this case is not entitled to much weight due to her mental illness, but this ignores that mother also denied any Indian heritage back in 2018 (at which time she was not suffering from any acute mental illness) and that her maternal relatives all also denied any heritage. Thus, even if we look beyond the specific omissions in the Department's initial inquiry that father identifies (and which we conclude are contradicted by the record), there is still no basis to reverse the juvenile court's ICWA finding because the record as a whole provides no reason to believe that further inquiry would yield information tending to show that Sebastian had any Indian heritage. (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 774 [adopting this standard].)

Because father does not challenge any other aspect of the jurisdictional or dispositional orders, we affirm.

**DISPOSITION**

The orders are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST